**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KAMAL DUNCAN, on her own
behalf and others similarly situated,

   Plaintiff,

vs.               Case No. 3:09-cv-643-J-32TEM

THE PANTRY, INC., a Delaware
corporation a/k/a KANGAROO
EXPRESS,

   Defendant,

_____

## ORDER AND STIPULATED FINAL JUDGMENT[1]

This case is before the Court on the parties' Joint Stipulation For Dismissal With Prejudice. (Doc. 7.) This case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). The parties[2] in their Stipulation represent that "Defendant has agreed to pay Plaintiff all amounts to which she alleges she is entitled under the FLSA in full, without compromise." (Doc. 7 at 1.) In a FLSA case, the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act's provisions" after "scrutinizing the settlement for fairness." Lynn's Food

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Although plaintiff Kamal Duncan filed this case "on her own behalf and others similarly situated," the record reflects that plaintiff has not established that the proposed class is similarly situated, 29 U.S.C. § 216(b); see also Simpkins v. Pulte Home Corp., No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008), and no other allegedly similarly situated individuals have joined in this case as a party.

Stores, Inc. v. Dep't of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982).  Upon review of the parties' papers and the remainder of the file, the Court finds the settlement of this case represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the Fair Labor Standards Act.  Lynn's Food Stores, Inc. v. Dep't of Labor, 679 F.2d at 1355.[3]

Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

1. The Court **APPROVES** the parties' settlement paying "all amounts to which [plaintiff] alleges she is entitled under the FLSA in full, without compromise."

2. This case is **DISMISSED WITH PREJUDICE**. and the Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of November, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record

---

[3] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents." King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007)(quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)).  Based upon the parties' representation that plaintiff has been paid in full and has not compromised her claim, the Court finds that fees and costs to be paid to the plaintiffs' counsel are reasonable under the FLSA.

2